## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BUILDING AND CONSTRUCTION TRADES DEPARTMENT, AFL-CIO,** 815 Sixteenth Street, N.W. Suite 600 Washington, D.C. 20036 <br><br> Plaintiff, <br><br> v. <br><br> **ELAINE L. CHAO, in her official capacity as Secretary of Labor** 200 Constitution Ave., N.W. Room S-2018 Washington, D.C. 20210; <br><br> and <br><br> **SAMUEL W. BODMAN, in his official as Secretary of Energy** U.S. Department of Energy 1000 Independence Ave., S.W. Room 6A-245 Washington, DC 20585 <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 1:06cv00677/RBW |

## FIRST AMENDED COMPLAINT SEEKING MANDATORY INJUNCTIVE RELIEF FOR AGENCY ACTION UNLAWFULLY WITHHELD, DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION

### INTRODUCTION

1.     This is an action in which the Building and Construction Trades Department, AFL-CIO ("Building Trades"), seeks judicial intervention to compel the

Secretary of Labor of the United States Department and lower level officials of the United States Department of Labor to issue an administrative determination concerning application of the Davis-Bacon Act (which requires federal contractors and subcontractors to pay laborers and mechanics they employ to construct, repair and/or alter public buildings and public works of the United States and the District of Columbia, not less than the prevailing wage determined by the Secretary of Labor) to construction of three buildings intended for the sole and exclusive use of the United States Department of Energy ("DOE") and its contractors and subcontractors located on land formerly owned by DOE within the boundaries of its Oak Ridge Site in Oak Ridge, Tennessee known as the East Campus that has been unreasonably withheld. The Building Trades also seek judicial review of a final agency determination by DOE that the Davis-Bacon Act does not apply to construction of two other buildings intended for the sole and exclusive use of DOE and its contractors and subcontractors on land formerly owned by DOE that is also located within the boundaries of the Oak Ridge Site, known as the Y-12 National Security Complex.

**JURISDICTION**

2.     This Court has subject matter jurisdiction based upon questions of federal law arising under 28 U.S.C. § 1331, federal question jurisdiction, for mandamus under 28 U.S.C. § 1361, and under the Administrative Procedure Act (APA), 5 U.S.C. § 706(1).

**VENUE**

3.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e), in that this is

an action against officers and agencies of the United States in their official capacities brought in the District where the defendants have their respective principal place of business.

4.    Venue is proper because this District is where a substantial part of the events or omissions giving rise to plaintiff Building Trades' claims occurred.

5.    A request was submitted to the United States Department of Labor ("DOL") Wage and Hour Administrator on July 25, 2001 by plaintiff Building Trades for a determination concerning application of the Davis-Bacon Act, 40 U.S.C. §§ 3141 - 3148, to construction of three buildings on land formerly owned by DOE located within the boundaries of its Oak Ridge Site, Oak Ridge, Tennessee, known as the East Campus.

## EXHAUSTION OF REMEDIES

6.    Plaintiff Building Trades has exhausted all administrative procedures that are expressly required by statute or agency rule, none of which renders the challenged administrative action inoperative pending review.

7.    Plaintiff Building Trades has made numerous inquiries concerning the status of its July 25, 2001 request for determination of application of the Davis-Bacon Act.

## PARTIES

8.    Plaintiff Building Trades, is an unincorporated labor organization within the meaning of that term in Section 2(5) of the National Labor Relations Act, as amended, 29 U.S.C. § 152(5), chartered by the American Federation of Labor–Congress

of Industrial Organization ("AFL-CIO") and composed of eleven (11) national and international building and construction trades unions, which has chartered more than 300 state and local building and construction trades councils consisting of local building and construction trades unions that collectively represent more than three (3) million workers engaged in or seeking employment in the building and construction industry throughout the United States and Canada, many of whom have been employed or may seek employment by private contractors and subcontractors retained to construct buildings on the Oak Ridge Site, Oak Ridge, Tennessee, and all of whom are the intended beneficiaries of the Davis-Bacon Act.

9.    Defendant Elaine L. Chao is Secretary of the United States Department of Labor, and as such, is responsible for the administration and enforcement of the Davis-Bacon Act and its implementing regulations, including Parts 1, 3, 5, and 7, Code of Federal Regulations, Title 29, 29 C.F.R. Parts 1, 3, 5, & 7 (2005),

10.    Defendant Samuel W. Bodman is Secretary of Energy, and as such, is responsible for achievement of the Department of Energy's overarching mission to advance the national economic and energy security of the United States; to promote scientific and technological innovation in support of that mission; and to ensure the environmental cleanup of the national nuclear weapons complex, as well as enforcement of the Davis-Bacon Act in accordance with the standards, regulations and procedures prescribed by the Secretary of Labor.

4

## STATEMENT OF FACTS

11.    On October 1, 1999, DOE entered into a contract with UT-Battelle, LLC ("UT-Battelle"), the principals of which are the University of Tennessee and the Battelle Memorial Institute, for an initial term of five years with the right of DOE to renew for an additional five year term, for the maintenance and operation of the Oak Ridge National Laboratory ("ORNL"), which is located on the Oak Ridge Site.

12.    In August 2000, UT-Battelle submitted a plan to DOE for a five-year Infrastructure Revitalization Project for construction of eleven new facilities and renovation of existing faculties for the ORNL.

13.    One part of UT-Battelle's plan proposed that a private developer would construct new facilities at ORNL that would initially be leased and occupied by UT-Battelle for DOE purposes.

14.    The initial phase of UT-Battelle's plan included construction of three privately funded facilities: a Computational Science Building, and Engineering Technology Facility, and a Research Office Building.

15.    DOE approved the UT-Battelle plan on March 21, 2001.

16.    On April 19, 2001, the UT-Battelle Development Corporation ("Development Corporation") was created as a not-for-profit corporation for implementing the privately financed elements of the UT-Battelle plan.

17.    On April 20, 2001, the Development Corporation issued a Request for Proposals ("RFP") for the design, construction, and lease of the three privately funded

5

facilities included in the initial phase of the UT-Battelle plan.

18.    Pursuant to the RFP, the developer selected by the Development Corporation entered into a 25-year Ground Lease of the real property on which the three buildings would be located, with a possible extension of not more than five additional years.

19.    The RFP also provided that UT-Battelle would enter into ten-year subleases of each of the three buildings with the Development Corporation.

20.    The RFP did not state that the Davis-Bacon Act would apply to construction of the three buildings, and the Development Corporation issued a statement on its internet website in April 2001 that the Davis-Bacon Act would not apply to construction of any of the three buildings.

21.    On June 18, 2001, DOE conveyed title to the parcel of land on the Oak Ridge Site where the three buildings would be located by quitclaim deed to the Development Corporation, which reserved to DOE the right to repurchase all or any part of the land conveyed and any improvements for a nominal consideration, provided that any subleases had not been terminated prior to the expiration of the Facility Leases.

22.    On July 25, 2001, the Building Trades President Edward C. Sullivan submitted a request to the Acting Administrator of the DOL Wage and Hour Division ("Acting Administrator") pursuant to 29 C.F.R. § 5.13 for a determination whether the Davis-Bacon Act applies to construction of the three privately-financed buildings on land conveyed by DOE to the Development Corporation.

23.    Thereafter, in August 2001, the Development Corporation selected Keenan Development Associates of Tennessee, LLC ("Keenan") as the developer.

24.    The Ground Lease between the Development Corporation and Keenan, which included unexecuted Facility Leases from Keenan to the Development Corporation and a draft Sublease from the Development Corporation to UT-Battelle together with a statement that the actual Facility Leases and Subleases for the three buildings were expected to conform substantially with the two attachments, was executed that same month.

25.    Subsequently, DOE and the Development Corporation, by and through counsel, submitted position statements on September 20, 2001 and September 28, 2001, respectively, in response to the Building Trades' July 25, 2001, both of which argued strenuously that the Davis-Bacon Act does not apply to construction of the three privately-financed buildings on land formerly owned by DOE within the Oak Ridge Site known as the East Campus..

26.    Notwithstanding the thorough statements of position submitted by DOE and the Development Corporation nearly nine months earlier, the DOL Wage and Hour Division ("Wage and Hour") advised Building Trades President Sullivan in a letter dated May 13, 2002 that it had once again requested DOE to submit a report within 30 days on the facts relating to the issue raised by President Sullivan's July 25, 2001 letter and a statement of DOE's position regarding the applicability of the Davis-Bacon Act to construction of the three privately-financed buildings on land formerly owned by DOE

7

and within the Oak Ridge Site, East Campus.

27.     To the best knowledge of the Building Trades, DOE never responded to Wage and Hour's May 13, 2002 request.

28.     The Building Trades, having heard nothing further from DOE or Wage and Hour for more than one year, sought a meeting in January 2003 with representatives of Wage and Hour to discuss the status of President Sullivan's July 25, 2001 request for a determination whether the Davis-Bacon Act applies to construction of the three buildings under construction on land formerly owned by DOE and within the Oak Ridge Site, East Campus.

29.     Building Trades' President Sullivan followed up this meeting with submission of a lengthy letter to Wage and Hour Administrator Tammy D. McCutchen dated January 30, 2003, which took issue with the arguments presented by DOE and the Development Corporation in their September 2001 letters and presented additional arguments in support of application of the Davis-Bacon Act to construction of the three buildings on land formerly owned by DOE and within the Oak Ridge Reservation, East Campus.

30.     Thereafter, Alfred B. Robinson, Jr., Senior Policy Advisor to the Wage and Hour Administrator, advised Building Trades President Sullivan in a letter dated March 26, 2003 that DOL had requested DOE to obtain "certain additional documents" in order to "ensure that [Wage and Hour's] consideration of this matter is thorough and provides an appropriate record for potential appellate action."

31.    Wage and Hour Senior Policy Advisor Robinson assured President Sullivan that "this matter will receive a thorough analysis and [Wage and Hour] will act as expeditiously as possible upon receipt of the requested documents."

32.    President Sullivan responded to Wage and Hour Senior Policy Advisor Robinson in a letter dated April 14, 2003 in which he pointed out that construction of the three buildings had begun and was nearing completion without application of the Davis-Bacon Act notwithstanding that his original request to the Acting Wage and Hour Administrator for a Davis-Bacon coverage determination, which was accompanied by a thorough and detailed presentation of the facts concerning construction of the three buildings, was submitted well before contracts for construction of the three buildings were awarded and construction was initiated.

33.    President Sullivan suggested that DOE's failure to submit the recently requested "relevant documents" indicated that DOE might be deliberately obstructing consideration by Wage and Hour of the issue raised by the Building Trades' July 25, 2001 letter, and suggested that the Administrator should draw whatever negative inferences may be appropriate regarding the factual information that was requested from DOE in the event that it is not forthcoming and issue a determination in short order so that  the procedural rights of the Building Trades, the national and international union with which it is affiliated and the workers they represent would not continue to be denied.

34.    Wage and Hour failed and/or refused, however, to take any action with regard to the Building Trades' outstanding July 25, 2001 request for a Davis-Bacon coverage determination for the next two years, during which time construction of the three buildings was completed and DOE and UT-Battelle employees occupied the buildings.

35.    During this time, the Building Trades became aware in mid-2004 that DOE was contemplating an arrangement similar to the one executed for construction of the three buildings on land formerly owned by DOE on the Oak Ridge Site, East Campus for construction of a production-support complex and another building to house a visitors center, historical exhibits and a 400-seat auditorium within DOE's Y-12 National Security Complex, which is also located on the Oak Ridge Site.

36.    The Building Trades, after receiving additional information that indicated DOE was moving forward with its plan for construction of two buildings within the Y-12 National Security Complex, submitted a letter to defendant Secretary of Labor Chao, dated August 1, 2005, which once again asked DOL to issue a determination concerning application of the Davis-Bacon Act to the three privately financed buildings on the Oak Ridge Site, East Campus in response to President Sullivan's July 25, 2001 request, and indicated that the Building Trades would seek judicial intervention to compel DOL to issue a decision, if necessary.

37.    In a letter dated September 2, 2005, Alfred B. Robinson, Jr., now Deputy Wage and Hour Administrator, advised President Sullivan that he had requested DOE to

provide Wage and Hour within 21 days with "specific information regarding the proposed project at the Y-12 National Security Complex [which he referred to as the "Y-12 plant site"] so that [Wage and Hour] may incorporate this information into [its] review of [President Sullivan's] original request."

38.    After that, R. Paul Detwiler, Acting Deputy General Counsel, National Nuclear Security Administration ("NNSA"), a semi-autonomous agency within DOE responsible, *inter alia*, for maintaining and enhancing the safety, security, reliability and performance of the United States nuclear weapons stockpile without nuclear testing at numerous sites including the Y-12 National Security Complex, which was formerly known as the "Y-12 Plant," also located on the Oak Ridge Site, informed Wage and Hour Deputy Administrator Robinson in a letter dated October 3, 2005 that NNSA was contemplating the sale of two parcels of real property it owns at the Oak Ridge Site to a private non-profit corporation known as the Oak Ridge Project, LLC, which was formed by the City of Oak Ridge Industrial Development Board.

39.    According to NNSA Acting Deputy General Counsel Detwiler's October 3, 2005 letter, the City of Oak Ridge Industrial Development Board would issue "Taxable Lease Revenue Bonds" in order to raise private funds that the Board would loan to the Oak Ridge Project, LLC, which would then use the funds to purchase the property from DOE at fair market value and construct two buildings that would be leased by BWXT Y-12, and paid for from its annual funding from NNSA under its contract to manage and operate the Y-12 National Security Complex.

40.    NNSA Acting Deputy General Counsel Detwiler further stated in his October 3, 2005 letter "[a] quitclaim deed for the property sale has been drafted and reviewed by both DOE and by OMB [Office of Management and Budget]. Under the terms of the draft deed, NNSA would be able to repurchase the parcels at fair market value under certain defined conditions if it is deemed to be in the best interests of the federal government."

41.    Building Trades President Sullivan once again asked Wage and Hour Deputy Administrator Robinson in a letter dated October 17, 2005, to issue a ruling concerning application of the Davis-Bacon Act to construction of the three buildings that were the subject of his July 25, 2001 letter.

42.    Additionally, President Sullivan noted in his October 17, 2005 letter that acknowledgement by NNSA Acting Deputy General Counsel Detwiler in his October 3, 2005 letter that construction of other facilities for the benefit and use of DOE without application of the Davis-Bacon Act was being planned demonstrates that the issue raised in his July 25, 2001 letter is capable of repetition and yet once again avoid review.

43.    Accordingly, President Sullivan advised Wage and Hour Deputy Administrator Robinson that the Building Trades would have no other option except to seek judicial review of  Wage and Hour's unreasonable delay in acting on his July 25, 2001 request for a ruling  unless he received notification that a ruling concerning this matter is forthcoming.

44.    Finally, on April 19, 2006, five days after the Building Trades filed the

above-entitled action, Alfred B. Robinson, now Acting Wage and Hour Administrator, advised Building Trades President Edward C. Sullivan that, because construction of the three buildings on land formerly owned by DOE located within the boundaries of its Oak Ridge Site, East Campus is completed "there appears to be no practical need for determining coverage of the ORNL facilities in this instance."

45.    Mr. Robinson's April 19, 2006 letter does not include a determination whether the Davis-Bacon Act applies to construction of the three buildings on land formerly owned by DOE located within the boundaries of its Oak Ridge Site, East Campus, as requested by the Building Trades President Sullivan in his July 25, 2001 letter requesting such a determination.

46.    Instead, Mr. Robinson's April 19, 2006 letter simply concludes that the issue raised in President Sullivan's July 25, 2001 request for a Davis-Bacon coverage determination is moot.

## FIRST CAUSE OF ACTION

### (Mandatory Injunctive Relief)

47.    Plaintiff Building Trades reallege and incorporates by reference paragraphs 1 through 46 as if fully set forth herein.

48.    The Secretary of Labor and lower level DOL officials have violated Section 5.13, Code of Federal Regulations, Title 29, 29 C.F.R. § 5.13 (2005), of DOL's regulations implementing the Davis-Bacon Act by failing to issue a determination in response to the request submitted by Building Trades President Edward C. Sullivan

13

concerning application of the Act to construction of three privately-financed buildings on land on the Oak Ridge Site, East Campus that was formerly owned by DOE within a reasonable time as required by Section 6(a) of the APA, 5 U.S.C. § 555(b).

49.    DOL's conduct constitutes agency action unreasonably and unlawfully withheld under Section 10(e) of the APA, 5 U.S.C. § 706(1).

50.    A mandatory injunction ordering DOL to complete its review of the Building Trades' request for a determination concerning application of the Act to construction of three privately financed buildings on land on the Oak Ridge Site, East Campus, formerly owned by DOE within 30 days is a proper remedy for DOL's violation of law.

## SECOND CAUSE OF ACTION

### (Relief in the Nature of Mandamus)

51.    Plaintiff Building Trades reallege and incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

52.    The Secretary of Labor and lower level DOL officials have failed to comply with their plain legal duty under DOL's implementing regulations and the APA by failing to issue a determination in response to the request submitted on July 25, 2001 by Building Trades President Edward C. Sullivan concerning application of the Act to construction of three privately-financed buildings on land on the Oak Ridge Site, East Campus that was formerly owned by DOE.

53.    Relief in the nature of mandamus ordering the Secretary of Labor and lower level DOL officials to issue a determination in response to the request submitted by Building Trades President Edward C. Sullivan concerning application of the Act to construction of three privately-financed buildings on land on the Oak Ridge Site, East Campus formerly owned by DOE within 30 days is a proper remedy for its failure to fulfill the legal duty owed to plaintiff Building Trades and the laborers and mechanics employed or seeking employment in the building and construction industry it represents and who are the intended beneficiaries of the Davis-Bacon Act.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment)

54.    Plaintiff Building Trades reallege and incorporates by reference paragraphs 1 through 53 as if fully set forth herein.

55.    An actual, immediate and substantial continuing controversy exists between plaintiff Building Trades and the Secretary of Labor and lower level DOL officials due to their ongoing failure to issue an administrative determination concerning application of the Davis-Bacon Act to construction of three buildings intended for the sole and exclusive use of DOE and its contractors and subcontractors that are located on land formerly owned by DOE within the boundaries of its Oak Ridge Site, East Campus, which inaction has resulted in, and is continuing to result in, substantial and irreparable harm to plaintiff Building Trades and the laborers and mechanics it represents.

56.    Plaintiff Building Trades is entitled to a declaratory judgment that defendant Secretary of Labor and lower level DOL officials have violated their legal duties and obligations under the Davis-Bacon Act and its implementing regulations, and under the APA.

## FOURTH CAUSE OF ACTION

### (Violation of the Administrative Procedure Act))

57.    Plaintiff Building Trades reallege and incorporates by reference paragraphs 1 through 56 as if fully set forth herein.

58.    Defendant Secretary of Labor and lower level DOL officials have acted arbitrarily and capriciously, abused their discretion, and acted contrary to law, within the meaning of Sections 10(e)(2)(A) and 10(e)(2)(D) of the APA, 5 U.S.C. §§ 706(2)(A) and 706(2)(D), in failing to issue an administrative determination concerning application of the Davis-Bacon Act to construction of three buildings intended for the sole and exclusive use of DOE and its contractors and subcontractors that are located on land formerly owned by DOE within the boundaries of its Oak Ridge Site, East Campus.

## FIFTH CAUSE OF ACTION

### (Violation of the Administrative Procedure Act)

59.    Plaintiff Building Trades reallege and incorporates by reference paragraphs 1 through 58 as if fully set forth herein.

60.    Defendant Secretary of Labor and lower level DOL officials have acted arbitrarily and capriciously, abused their discretion, and acted contrary to law, within the

meaning of Sections 10(e)(2)(A) and 10(e)(2)(D) of the APA, 5 U.S.C. §§ 706(2)(A) and 706(2)(D), by issuing an administrative determination, which fails to resolve whether the Davis-Bacon Act applies to construction of three buildings intended for the sole and exclusive use of DOE and its contractors and subcontractors that are located on land formerly owned by DOE within the boundaries of its Oak Ridge Site, East Campus.

## SIXTH CAUSE OF ACTION

### (Violation of the Administrative Procedure Act

61.    Plaintiff Building Trades reallege and incorporates by reference paragraphs 1 through 60 as if fully set forth herein.

62.    The Secretary of Energy and lower level DOE officials have acted arbitrarily and capriciously, abused their discretion, and acted contrary to law, within the meaning of Sections 10(e)(2)(A) and 10(e)(2)(D) of the APA, 5 U.S.C. §§ 706(2)(A) and 706(2)(D), by failing to insure that a provision mandating compliance with the prevailing wage requirement in the Davis-Bacon Act is incorporated in each of the contracts and subcontracts for construction of two buildings for office, office support, laboratory space and related improvements that will be located on a parcel of land formerly owned by DOE and/or NNSA within the boundaries of the Y-12 National Security Complex, which is part of the Oak Ridge Site administered by NNSA and managed and operated by BWXT Y-12 pursuant to a contract with NNSA.

63.    DOE conveyed this parcel of land within the Y-12 National Security Complex by quitclaim deed to Oak Ridge Project, LLC on December 15, 2005.

64.    Oak Ridge Project, LLC then contracted on December 15, 2005 with Turner Universal Construction, Inc. for construction of two buildings for office, office support, laboratory space and related improvements on the two parcel of land that DOE conveyed by quit claim deed to Oak Ridge Project, LLC on the same day.

65.    Upon completion of construction, both buildings will be leased for an initial term of five (5) years with three (3) consecutive five (5) year extension options under the same terms and conditions as set forth in the initial lease agreement to BWXT Y-12, which will be reimbursed by NNSA for the lease payments as an allowable cost under its contract and used solely and exclusively by DOE and its contractors and subcontractors during the initial term of the lease and during the term of each of the extension options.

66.    DOE has determined that the Davis-Bacon Act does not apply to construction of the two buildings for office, office support, laboratory space and related improvements on the parcel of land conveyed by DOE and/or NNSA to Oak Ridge Project, LLC.

67.    As such, DOE's determination is a final agency action within the meaning of that term in Section 10(c) of the APA, 5 U.S.C. § 704. that is judicially reviewable pursuant to Section 10(a) of the APA, 5 U.S.C. § 702.

## SEVENTH CAUSE OF ACTION

### (Declaratory Judgment)

68.    Plaintiff Building Trades reallege and incorporates by reference paragraphs 1 through 67 as if fully set forth herein.

69.    An actual, immediate and substantial continuing controversy exists between plaintiff Building Trades and the Secretary of Energy and lower level DOE officials due to their failure to insure that a provision mandating compliance with the prevailing wage requirement in the Davis-Bacon Act is incorporated in each of the contracts and subcontracts for construction of two buildings for office, office support, laboratory space and related improvements that will be located on a parcel of land formerly owned by DOE and/or NNSA within the boundaries of the Y-12 National Security Complex, which is part of the Oak Ridge Site, Oak Ridge, Tennessee, administered by NNSA and managed and operated by BWXT Y-12 pursuant to a contract with NNSA that will be leased for an initial term of five (5) years with three (3) consecutive five (5) year extension options under the same term and conditions as set forth in the initial lease agreement to BWXT Y-12 for the sole and exclusive use of DOE and its contractors and subcontractors during the initial term of the lease and during the term of each of the extension options.

70.    Plaintiff Building Trades is entitled to a declaratory judgment that defendant Secretary of Energy and lower level DOE officials have violated their legal duties and obligations under the Davis-Bacon Act and its implementing regulations, and under the APA.

## EIGHTH CAUSE OF ACTION

### (Mandatory Injunctive Relief)

71.    Plaintiff Building Trades reallege and incorporates by reference paragraphs

19

1 through 70 as if fully set forth herein.

72.    The Secretary of Energy and lower level DOE officials violated Section 3142(c)(1) of the Davis-Bacon Act, 40 U.S.C. § 3142(c)(1), by failing to insure that a stipulation was incorporated in each agreement for the lease of two buildings for office, office support, laboratory space and related improvements that will be located on a parcel of land formerly owned by DOE and/or NNSA within the boundaries of the Y-12 National Security Complex, which is part of the Oak Ridge Site, Oak Ridge, Tennessee, administered by NNSA and managed and operated by BWXT Y-12 pursuant to a contract with NNSA, which requires all contractors and subcontractors to pay all mechanics and laborers employed directly on the site of the work in accordance with a provision stating the minimum wages to be paid various classes of laborers and mechanics determined by the Secretary of Labor  pursuant to Section 3142(b) of the Davis-Bacon Act, 40 U.S.C. § 3142(b), to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the civil subdivision of the State in which the work is to be performed.

73.    A mandatory injunction ordering DOE to compel its contractor, BWXT Y-12, to amend its agreement or agreements to lease the two buildings for office, office support, laboratory space and related improvements that will be located on a parcel of land formerly owned by DOE and/or NNSA within the boundaries of the Y-12 National Security Complex, which is part of the Oak Ridge Site, Oak Ridge, Tennessee, administered by NNSA and managed and operated by BWXT Y-12 pursuant to a contract

with NNSA by incorporating a stipulation that requires all contractors and subcontractors to pay all mechanics and laborers employed directly on the site of the work in accordance with a provision stating the minimum wages to be paid various classes of laborers and mechanics determined by the Secretary of Labor pursuant to Section 3142(b) of the Davis-Bacon Act, 40 U.S.C. § 3142(b), to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the civil subdivision of the State in which the work is to be performed is a proper remedy for DOE's violation of law.

## **PRAYER FOR RELIEF**

WHEREFORE, as relief for the harms alleged herein, plaintiff Building Trades requests that this Court:

A.    Order defendant Secretary of Labor and lower level DOL officials to complete their consideration of the request for a determination in response to the request submitted on July 25, 2001 by Building Trades President Edward C. Sullivan concerning application of the Davis-Bacon Act to construction of three privately-financed buildings on land on the Oak Ridge Site, East Campus that was formerly owned by DOE and issue a decision within 30 days.

B.    Declare that the ongoing failure of defendant Secretary of Labor and lower level DOL officials to complete their consideration of the request for a determination in response to the request submitted on July 25, 2001 by Building Trades President Edward C. Sullivan concerning application of the Davis-Bacon Act to construction of three

privately-financed buildings on land on the Oak Ridge Site, East Campus that was formerly owned by DOE and issue a decision, which inaction has resulted in, and is continuing to result in, substantial and irreparable harm to plaintiff Building Trades and the laborers and mechanics it represents, is unlawful as arbitrary, capricious, an abuse of discretion, and contrary to law.

        C.     Grant an Order herein for review of the determination by the Secretary of Labor and lower level DOL officials that there is no practical need for determining whether the Davis-Bacon Act applies to construction of three privately-financed buildings on land on the Oak Ridge Site, East Campus that was formerly owned by DOE.

        D.     Grant an Order after such review vacating and setting aside the determination by the Secretary of Labor and lower level DOL officials that that there is no practical need for determining whether the Davis-Bacon Act applies to construction of three privately-financed buildings on land on the Oak Ridge Site, East Campus that was formerly owned by DOE.

        E.     Grant an Order herein for review of the determination by the Secretary of Energy and lower level DOE officials that the prevailing wage requirement in the Davis-Bacon Act does not apply to construction of two buildings for office, office support, laboratory space and related improvements on a parcel of land that was part of a facility known as the Y-12 National Security Complex, which is part of the Oak Ridge Site, Oak Ridge, Tennessee, that DOE conveyed by quit claim deed to Oak Ridge Project LLC on December 15, 2005.

F.    Grant an Order after such review vacating and setting aside the determination by the Secretary of Energy and lower level DOE officials that the prevailing wage requirement in the Davis-Bacon Act does not apply to construction of two buildings for office, office support, laboratory space and related improvements on a parcel of land that was part of a facility known as the Y-12 National Security Complex, which is part of the Oak Ridge Site, Oak Ridge, Tennessee, that DOE conveyed by quit claim deed to Oak Ridge Project LLC on December 15, 2005.

G.    Declare that the prevailing wage requirement in the Davis-Bacon Act applies to construction of three privately financed buildings on land on the Oak Ridge Site, East Campus formerly owned by DOE.

H.    Declare that the prevailing wage requirement in the Davis-Bacon Act applies to construction of two buildings for office, office support, laboratory space and related improvements on a parcel of land that was part of a facility known as the Y-12 National Security Complex, which is part of the Oak Ridge Site, Oak Ridge, Tennessee, that DOE conveyed by quit claim deed to Oak Ridge Project LLC on December 15, 2005.

I.    Order defendant Secretary of Energy and lower level DOE officials to compel its contractor, BWXT Y-12, to amend its agreement or agreements to lease the two buildings for office, office support, laboratory space and related improvements that will be located on a parcel of land formerly owned by DOE and/or NNSA within the boundaries of the Y-12 National Security Complex, which is part of the Oak Ridge Site, Oak Ridge, Tennessee, administered by NNSA and managed and operated by BWXT Y-

23

12 pursuant to a contract with NNSA by incorporating a stipulation that requires all contractors and subcontractors to pay all mechanics and laborers employed directly on the site of the work in accordance with a provision stating the minimum wages to be paid various classes of laborers and mechanics determined by the Secretary of Labor pursuant to Section 3142(b) of the Davis-Bacon Act, 40 U.S.C. § 3142(b), to be prevailing for the corresponding classes of laborers and mechanics employed on projects of a character similar to the contract work in the civil subdivision of the State in which the work is to be performed is a proper remedy for DOE's violation of law.

J.    For any and all other proper relief to which it may appear entitled.

TERRY R. YELLIG (D.C. Bar No. 946095)

SHERMAN, DUNN, COHEN, LEIFER & YELLIG, P.C.
900 SEVENTH STREET, N.W.
SUITE 1000
WASHINGTON, D.C. 20001
TELEPHONE NO.    (202) 785-9300
FAX NO.    (202) 775-1950
E-MAIL    YELLIG@SHERMANDUNN.COM

DATED:    APRIL 21, 2006

<u>**CERTIFICATE OF SERVICE**</u>

     I hereby certify that on April 21, 2006, I served copies of the foregoing FIRST AMENDED COMPLAINT SEEKING MANDATORY INJUNCTIVE RELIEF FOR AGENCY ACTION UNLAWFULLY WITHHELD, DECLARATORY RELIEF AND REVIEW OF AGENCY ACTION, by Certified Mail, Return Receipt Requested, on the following:

     Elaine L. Chao
     Secretary of Labor
     U.S. Department of Labor
     200 Constitution Avenue, N.W.
     Room S-2018
     Washington, D.C. 20210

     Samuel W. Bodman
     Secretary of Energy
     1000 Independence Avenue, N.W.
     Room 6A-245
     Washington, D.C. 20585

     Alberto R. Gonzalez
     Attorney General of the United States
     U.S. Department of Justice
     950 Pennsylvania Avenue, N.W.
     Washington, D.C. 20530-0001

     Kenneth L. Wainstein
     United States Attorney
     c/o Civil Process Clerk
     Judiciary Center Building, 555 Fourth Street, N.W.
     Washington, D.C. 20530

Terry R. Yellig