```
              UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF COLUMBIA
```

BUILDING AND CONSTRUCTION        )
 TRADES DEPARTMENT, AFL-CIO,     )
                                 )
     Plaintiff,                  )
                                 )
     v.                          ) Civil No. 06-0677 RBW
                                 )
ELAINE L. CHAO, SECRETARY        )
 OF LABOR AND SAMUEL W. BODMAN,  )
 SECRETARY OF ENERGY,            )
                                 )
     Defendants.                 )
                                 )
_____  )

DEFENDANTS' JOINT REPLY TO PLAINTIFF'S
MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS

Preliminary Statement

Plaintiff, Building and Construction Trades Department, AFL-CIO ("BCT",) has failed to demonstrate that, pursuant to the Administrative Procedure Act ("APA"), Section 706(1), 5 U.S.C. § 706(1), this Court should issue an injunctive order to the Department of Labor ("DOL"), or that BCT should be granted a ruling in the nature of mandamus. BCT asserts that the Acting Administrator of DOL's Wage and Hour Division failed to respond to its July 25, 2001 request for a ruling, pursuant to 29 C.F.R. § 5.13, that the Davis-Bacon Act ("DBA") prevailing wage provisions were applicable to a project for which the Department of Energy ("DOE") arguably was the contracting agency at the Oak Ridge National Laboratory ("ORNL") in Oak Ridge, Tennessee. In

addition to the arguments in Defendants' opening brief, which BCT has failed to refute, defendants respond to several points specifically raised in BCT's brief.

## ARGUMENT

I.  BCT HAS FAILED TO SHOW THAT THE ACTING ADMINISTRATOR'S APRIL 19, 2006 DENIAL OF ITS REQUEST FOR A DBA COVERAGE RULING WAS A "FAILURE TO ACT" UNDER THE APA.

There was no "failure to act" in this case (see BCT Opposition Brief ("Opp.") at 12-13), notwithstanding BCT's assertion that because the Acting Administrator's April 19, 2006 letter did not provide the result sought by BCT, the DOL has failed to fulfill the APA requirements at section 706(1). The Acting Administrator's letter denied BCT's request for a ruling on DBA coverage of the project. According to BCT's characterization, however, since the April 19th letter denied its request for an "interpretation" of the DBA, it does not count as a "response" at all. This argument must fail. The Acting Administrator was not required to issue a "yes" or "no" answer to BCT's request for a ruling that the DBA covered the ORNL project.[1] On the contrary, the applicable regulation at 29 C.F.R. § 5.13 requires interested parties seeking a ruling or an interpretation of DBA provisions to direct their requests to the

---

[1] See Plaintiff's Exhibit No. 1, attached to BCT's opposition brief (Opp. at 26-27 n.7).

Acting Administrator for "appropriate reply or interpretation." Nothing in this regulation mandates some specific action, or sets any criteria for the substance of such response. Therefore, the Acting Administrator's response that denied BCT's specific request for a ruling fully satisfies the regulation.[2] Thus, since a valid, adequate response has been issued, the matter is moot, and there is no basis for issuance of an injunction.

II. BCT'S ARGUMENTS FOR A WRIT OF MANDAMUS OR FOR INJUNCTIVE RELIEF UNDER THE APA MUST FAIL, BECAUSE THE ACTING ADMINISTRATOR'S DISCRETIONARY ACTION IS UNREVIEWABLE UNDER MANDAMUS PRINCIPLES AND THE APPLICABLE CASE LAW.

BCT's requests for a writ of mandamus or a mandatory injunction on other grounds are also without merit. Both mandamus and mandatory injunctive relief under the APA must be based on an agency's failure to perform a clear ministerial duty. Neither the DBA nor its implementing rules impose an affirmative duty on the Wage and Hour Administrator to respond substantively to every coverage request he receives.

In enacting the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, Congress largely restated prevailing

---

[2] The cases cited by BCT are not to the contrary (see Br. at 21). The principle involved in these cases is that, even if the acts complained of were discretionary, the responsible agency official cannot refuse to exercise his discretion. Independence Mining Co. v. Babbitt, 105 F.3d, 507 n.6 (9th Cir. 1997). Of course, the Acting Administrator did not refuse to exercise his discretion in this instance; he issued a denial of BCT's request.

provisions of judicial review.[3]  Congress made explicit its intention not to alter the application of well-established mandamus principles to suits seeking relief "to compel agency action unlawfully withheld."  5 U.S.C. § 706(1).  The Senate Judiciary Committee described the APA's reference to "agency action unlawfully withheld" in mandamus terms: "[t]he provision means that the court may compel the agency to act where it has 'unlawfully withheld' action, rather than to both direct action and state what it shall be in detail.  The court may require agencies to act, but may not under this provision tell them how to act in matters of administrative discretion."  Judiciary Committee Print at 40.  This explanation reinforces Congress's intent that issuance of a writ of mandamus is an "extraordinary remedy, reserved only for the most transparent violations of a clear duty to act."  In re Bluewater Network, 234 F.3d 1305, 1315 (D.C. Cir. 2000).  Mandamus is limited to situations in which "a federal official has a clear obligation to perform a ministerial

---

[3]   See Senate Judiciary Committee Print (June 1945), as reproduced in Legislative History, Administrative Procedure Act, S. Doc. No. 248, 79th Cong., 2d Sess. 39 (1946) ("Judiciary Committee Print"); 92 Cong. Rec. A2988 (1948) (memorandum of Department of Justice); Attorney General's Manual on the Administrative Procedure Act 93, 108 (1947).  Congress distinguished between those suits in which the reviewing court shall "compel agency action unlawfully withheld," 5 U.S.C. 706(1), and those in which the court shall set aside "agency action" found to be arbitrary and capricious, 5 U.S.C. § 706(2).

duty," devoid of discretion. National Wildlife Federation v. United States, 626 F.2d 917, 923 (D.C. Cir. 1980). However, as fully explained in the Defendants' opening brief (at pp. 18-19), the Acting Administrator's April 19, 2006 denial of BCT's request for a ruling on DBA coverage involved the proper exercise of his discretion and thus does not warrant relief under either the mandamus statute or the APA.

Furthermore, the Acting Administrator's denial is unreviewable under the well-settled principles of Heckler v. Chaney, 470 U.S. 821, 831-34 (1985). BCT claims that its request was simply a request for a coverage determination which did not implicate the Acting Administrator's admittedly discretionary enforcement authority, and therefore Chaney is not applicable (Opp. at 26-28). However, BCT does not -- and cannot -- explain how the requested determination that the ORNL project was covered under the DBA could have been made without invoking the Acting Administrator's enforcement authority, in which he has undisputedly broad discretion. BCT itself recognizes that its request involved resolution of substantive questions, both whether appropriate DBA prevailing wage rates should have been applied and if so, whether violations may have occurred which might require remediation (see Opp. at 27-28). See, e.g., Drake v. Federal Aviation Admin., 291 F.3d 59, 71 (D.C. Cir. 2002) (It

5

is reading Chaney "too narrowly to conclude that a challenge to the adequacy of agency findings [of fact] is not in substance a challenge to the agency's refusal to enforce.").

Thus, BCT's July 25, 2001 letter was no mere request for an "interpretation" requiring the DOL to perform a nondiscretionary ministerial duty.  As explained in the Defendants' opening brief (at pp. 19-22), the Acting Administrator's conclusion not to issue a coverage ruling was clearly "inextricably intertwined" with his determination that this matter was not suitable for retroactive application and enforcement of the Act.  Accordingly, it was well within the Acting Administrator's enforcement discretion to determine, in light of the novel circumstances in this case (as explained in the Defendants' opening brief, at pp. 18-22 **and conceded by plaintiff**, Opp. at 27), that the appropriate response would be to deny BCT's request for a ruling.

Therefore, BCT's request for issuance of a mandamus ruling or, alternatively, for a mandatory injunction under the APA should be denied.

III. PLAINTIFF BCT HAS FAILED TO ALLEGE ANY FINAL AGENCY ACTION BY THE SECRETARY OF ENERGY THAT MEETS THE PREREQUISITES FOR JUDICIAL REVIEW UNDER THE APA.

The Amended Complaint asks this Court to overrule a determination by contracting officials at the Oak Ridge Y-12 site, that any contracts and subcontracts entered into by the

private land owner, Oak Ridge Project, LLC, for construction of two buildings on land formerly owned by DOE are not subject to the minimum wage provision of the DBA.[4]  (Amended Complaint ¶¶ 66-67).  BCT then asks this Court to order DOE to compel its contractor to amend its agreement or agreements by requiring the contractor to incorporate stipulations that all laborers and mechanics will be paid the minimum wages due in accordance with the DBA.  40 U.S.C. § 3142(b).  (Amended Complaint, pp. 23-24).

In its brief, however, BCT abandons the above theory and prayer for relief and now argues for the first time that the "final agency action" it complains of was the deeding of two parcels of land by DOE to Oak Ridge Project, LLC (Opp. at 31).  BCT's new theory is that:

> conveyance by DOE's NNSA of the two parcels of land to Oak Ridge Project, LLC "marks the consummation of [defendant Secretary of Energy's decisionmaking process."  Bennett [v. Spear], 520 U.S. [154,] 178 [(1997)].

(Opp. at 31).  BCT goes on to claim that because DOE failed to include a DBA requirement in the deed to Oak Ridge Project, LLC, its union members

> will suffer the legal consequences of defendant Secretary of Energy's failure to include a provision mandating compliance with the prevailing wage

---

[4]    Once completed, the two building will be leased to BWXT Y-12, a private corporation hired by DOE to manage and operate the former Y-12 site at Oak Ridge. Amended Complaint, ¶ 39.

>provisions of the [DBA] in NNSA's quit claim deeds because they face the prospect of being paid less than the minimum prevailing wage under the [DBA].

(Opp. at 33). It is, of course, true that the sale of the two parcels of land to Oak Ridge Project, LLC, was a final act of the DOE and that members of the Building Trades Union who are or may be employed to construct the two private buildings will not have the protection of the DBA minimum wage provisions.[5] That alone, however, does not meet the "agency action" requirement of the APA.

Sales of government land, like hundreds of other routine decisions and actions taken by federal agencies and federal employees every day, are not subject to immediate judicial review unless they meet each of the three threshold requirements for judicial review set forth in the APA: (1) That the agency action complained of is "required" by the "relevant" statute or regulation, Norton v. Southern Utah Wilderness Alliance, 542 U.S. 55, 63-64 (2004); (2) that the agency action complained of has not been committed to agency discretion by law, Heckler v. Chaney, 470 U.S. at 831-34; and (3) that the agency action

---

[5] Nothing in the Amended Complaint or BCT's brief supports its claim that its members will be "paid less than the minimum prevailing wage under the Davis-Bacon Act" (Opp. at 33). To the contrary, one must assume that the Building Trades Union would insist that its members be paid at least the minimum wages required by the DBA. See 40 U.S.C. § 3142(b).

8

complained of is a "final order" of the agency.  <u>Federal Trade Commission v. Standard Oil Co. of California</u>, 449 U.S. 232, 247-248 (1990).

The only "relevant" statute referenced in the Amended Complaint is the Davis-Bacon Act.  Nothing in the DBA itself references sales of land by federal agencies to private parties who may then construct buildings and lease them to others including, as in the instant case, contractors employed by those federal agencies.  Nor does the DBA pertain to construction contracts negotiated, executed, managed, and paid for by private parties.  To the contrary, the DBA applies only to federal contracts for the construction of public buildings and public works of the government to which the federal government is a party.  40 U.S.C. § 3142 (a).

DOE has concluded that because the federal government is not now and will never be a party to any construction contract entered into by Oak Ridge Project, LLC, and because any such contract will neither be a "federal contract" nor a contract for construction of "public buildings and public works of the Government," the DBA does not apply.  Because BCT has failed to show that the DBA "required" the Secretary of Energy to insert DBA wage provisions in its deed to the Oak Ridge Project, LLC, the Amended Complaint, even if further amended as suggested in

9

BCT's brief, does not meet the basic requirements for judicial review under the APA.  <u>Southern Utah Wilderness Alliance</u>, 542 U.S. at 63-64.

IV. BECAUSE THE DOE RULING IS NOT FINAL, THE COURT SHOULD REFUSE TO CONSIDER IT UNLESS AND UNTIL BCT OBTAINS A DEFINITIVE INTERPRETATION REGARDING ITS NOVEL LEGAL THEORY FROM THE PARTY WITH AUTHORITY TO ISSUE A FINAL DECISION, <u>DOL'S WAGE AND HOUR ADMINISTRATOR.</u>

As the government pointed out in it motion to dismiss, Reorganization Plan No. 14 of 1950, 5 U.S.C. App. 242, delegates authority to the Secretary of Labor to interpret and administer the Labor Standards provisions of the DBA.  The Secretary, in turn, has promulgated regulations which provide that "[a]ll questions relating to the application and interpretation of wage determinations . . . and of [Davis-Bacon] labor standards provisions . . . shall be referred to the Administrator [of the Wage and House Division] for appropriate ruling or interpretation."  29 C.F.R. § 5.13.

BCT acknowledges that it has a well-defined path for administrative resolution of its DBA coverage claim before the Secretary of Labor.  Indeed, it admits that it and its members have two options: "They can either ask DOL's Wage and Hour Administrator for a Davis-Bacon coverage determination concerning these two buildings and wait for a ruling, or accept employment on the project without benefit of Davis-Bacon labor protection"

(Opp. at 33). BCT, however, has failed to seek a ruling from the Acting Administrator here even though the Acting Administrator invited it to do so in his April 19, 2006 Order.

Because of the unique intergovernmental administrative regime under the DBA, DOE's preliminary determination is not "final agency action" within the meaning of APA section 704, which provides for review in Court of final agency action. 5 U.S.C. § 704. Section 704 also states that agency action "<u>otherwise final</u>" is final for purposes of judicial review, except if a statute or agency rule requires exhaustion. In order to obtain final agency action, BCT must seek review from the DOL, because under Reorganization Plan No. 14, only the DOL has the authority to issue final rulings under the APA on matters concerning DBA coverage. That is, the only way "final agency action" may be reached in this case is through the expert agency which has the authority to issue a final ruling.

Similarly, APA section 704 appears to confine the exhaustion doctrine (and its exceptions) to appeals to a "superior agency authority." In this case, the question is not whether BCT should have sought intra-agency review to a higher level within DOE, but whether BCT should have sought a ruling from another agency -- the Wage and Hour Division -- which under Reorganization Plan No. 14 is the expert agency for DBA coverage determinations.

In any event, BCT's argument (Opp. at 40-41) that there is no DOL regulation implementing the DBA that satisfies the second prong of the Darby v. Cisneros test misreads the regulations. 509 U.S. 137, 152 (1993). Under 29 C.F.R. § 1.6(f), DOL provides a mechanism that effectively renders harmless an initial decision of the contracting agency that the Administrator subsequently determines was incorrect. If a DBA contract is awarded without a wage determination or with an inapplicable wage determination, the Wage and Hour Administrator has the authority to require that the contracting agency terminate and resolicit the contract with the valid wage determination. The Administrator is also authorized to require the agency to incorporate the valid wage determination retroactive to the beginning of the construction, provided that the contractor is compensated for any increase in wages resulting from such change. 29 C.F.R. § 1.6(f).

Although a contracting agency may decide to suspend or delay the contracting process for any number of reasons, there are good reasons why the contracting process usually continues notwithstanding requests from the Administrator for rulings to change the contracts. Halting the bid process or construction upon receipt of queries regarding coverage would introduce substantial uncertainty into Government contracting and disrupt the timely and efficient performance of such contracts. Cf.

<u>Universities Research Association, Inc. v. Coutu</u>, 450 U.S. 754, 784 (1981) ("Whatever may be the merits of allowing judicial review of these complex coverage determinations prior to contracting, it clearly would be inappropriate for a court to substitute its judgment for that of the contracting agency in a private action brought after the contract was let."). The regulation in 29 C.F.R. § 1.6(f) provides a mechanism by which the *status quo* as embodied in the contract is maintained while protecting the rights of workers should the Administrator ultimately determine that they must be paid the minimum wages as provided by the DBA.

CONCLUSION

For these reasons and for the reasons stated in the Government-Defendants' opening brief, this civil action against DOL and DOE should be dismissed.

Respectfully submitted,

_____
KENNETH L. WAINSTEIN, D.C. BAR #451058
United States Attorney


_____
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney


_____
MARINA UTGOFF BRASWELL, D.C. BAR #416587
Assistant United States Attorney
U.S. Attorney's Office
555 4th Street, N.W. - Civil Division
Washington, DC 20530

Of Counsel:

HOWARD M. RADZELY
Solicitor of Labor

STEVEN J. MANDEL
Associate Solicitor
Fair Labor Standards Division

WILLIAM C. LESSER
Deputy Associate Solicitor

JOAN BRENNER
Attorney
Office of the Solicitor

U.S. Department of Labor

DON W. CROCKETT
Attorney
Office of General Counsel
U.S. Department of Energy