**U.S. Department of Labor**     Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210



APR 19 2006

Mr. Edward C. Sullivan
President
Building and Construction Trades Department, AFL-CIO
815 Sixteenth Street, N.W.
Suite 600
Washington, DC  20006-4104

Dear Mr. Sullivan:

This is in response to your request for a ruling regarding the applicability of the Davis-Bacon Act (DBA) to the construction of three privately financed buildings on land formerly owned by the United States Department of Energy (DOE) at the Oak Ridge National Laboratory (ORNL) in Oak Ridge, Tennessee.  You noted that construction on the three buildings is completed.  You assert, however, that the issue raised in your ruling request "remains relevant" because "it appears that DOE is contemplating construction of other privately financed buildings on property located on the Oak Ridge reservation formerly known as the Y-12 nuclear weapons plant."  By letter dated September 2, 2005, I informed you that the Wage and Hour Division (WHD) had requested DOE to provide us with specific information regarding the proposed project at the Y-12 plant site so that we might incorporate this information into our review of your original request.

In its October 3, 2005, response, the National Nuclear Security Administration (NNSA) provided WHD with information concerning the sale of land at the Y-12 complex.  The NNSA explained that it maintains separate facilities from the ORNL facilities involved in the earlier transactions that were the subject of your ruling request.  The NNSA further explained that its proposed transaction at the Y-12 complex, although similar to those at ORNL, is separate from the ORNL projects.  Thus, it appears that any coverage issues related to the proposed construction projects at the Y-12 complex would differ from those presented in your ruling request concerning the ORNL facilities.

-2-

The contractual arrangements with respect to the ORNL projects were unusual and presented a novel coverage issue. It appears that DOE's determination that DBA standards did not apply to this construction was made in good faith.

Moreover, as you have noted, the construction of the facilities in question is completed. Based on these factors, there appears to be no practical need for determining coverage of the ORNL facilities in this instance. Even if WHD were to conclude that the construction should have been subject to DBA, WHD would not consider it appropriate to require retroactive application of the DBA provisions and the applicable wage determination to these projects under 29 C.F.R. 1.6(f). Section 1.6(f) of the Department's regulations provides that retroactive application of DBA to a contract, which fails to include the required wage determination, is a matter subject to the Administrator's discretion.[1] However, you are not precluded from requesting a WHD ruling regarding DBA coverage of any proposed or ongoing construction contracts at the Y-12 complex.

Sincerely,

*[signature: Alfred B. Robinson Jr.]*

Alfred B. Robinson, Jr.
Acting Administrator

---

[1] See generally Raytheon Aerospace, ARB Case Nos. 03-01703 019 (May 21, 2004) (concluding that the Administrator did not abuse her discretion in declining to require retroactive application of a Service Contract Act wage determination); see also Veteran's Canteen Service, ARB Case No. 96-115 (Oct. 25, 1996) ("The decision whether to enforce the DBA in a particular case is committed to the Administrator's discretion."), citing W.J. Menefee Const. Co., WAB Case No. 90-15 (Oct. 25, 1993).